## SENTRY INSURANCE A Mutual Company, Plaintiff–Appellant and Cross–Appellee,

v.

## AMERICAN NATIONAL FIRE INSURANCE COMPANY; MFM Electrologic, Inc., Defendants–Appellees and Cross–Appellants.

Nos. 07–55689, 07–55712.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 4, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rachel Hobbs, Esquire, Alan B. Yuter, Esquire, Selman Breitman, LLP, Los Angeles, CA, for Plaintiff–Appellant and Cross–Appellee.

Jay D. Harker, Esquire, Clausen Miller, Irvine, CA, Kimbley A. Kearney, Agelo L. Reppas, Esquire, Clausen Miller, PC, Chicago, IL, for Defendants–Appellees and Cross–Appellants.

Before: BRIGHT,* TASHIMA and HAWKINS, Circuit Judges.

## MEMORANDUM **

Sentry Insurance A Mutual Company ("Sentry") appeals the summary judgment grant in favor of American National Fire Insurance Company ("American"). We reverse and remand.

The district court erred by concluding that the underlying loss did not "arise out of" the "product" of Sentry's insured, MFM Electrologic ("MFM"). Sentry's commercial general liability policy specifically excluded from coverage any injury or damage included within the "products-completed operations hazard" ("PCOH") exclusion. This exclusion applied to injuries and damages occurring "away from premises you own or rent" and arising out of "your product" or "your work." The Sentry policy defined "your product" as "any goods or products ... manufactured, sold, handled, distributed or disposed of" by the insured. Under the policy, "your product" also includes "warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product'" and "the providing of or failure to provide warnings or instructions." *See generally Travelers Cas. & Sur. Co. v. Employers Ins. of Wausau*, 130 Cal.App.4th 99, 29 Cal.Rptr.3d 609, 618–19 & n. 6 (2005) (difference in premises-operations coverage—while work or manufacturing is in progress—vs. prod-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule R. 36–3.

ucts liability and completed operations coverage).

Although the district court correctly noted that a manufacturer will not ordinarily be held liable under products liability law when its product is modified post-sale, an exception exists if the manufacturer knows or should reasonably foresee that its product will be used in unintended ways. *See Huynh v. Ingersoll–Rand*, 16 Cal.App.4th 825, 20 Cal.Rptr.2d 296, 300 (1993) (manufacturer liable for foreseeable misuse in the absence of adequate warning).[1] Thus, a post-sale modification of an insured's product does not automatically remove the claim from the scope of the PCOH exclusion. *See Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal.App.4th 492, 20 Cal.Rptr.2d 376, 382–83 (1993) (all traditional product liability claims, including negligent testing, design, manufacture and sale, strict liability, failure to warn, breach of warranty, and misrepresentation come within the PCOH exclusion, as well as more creative causes of action, such as market share liability and civil conspiracy that "arose out of" an insured's product).

Under Sentry's policy, coverage is excluded not only for defects with the insured's product, but the term "your product" also includes "the providing of or failure to provide warnings or instructions." American obtained its judgment against MFM on the theory that a MFM employee had negligently failed to warn a purchaser of the fire dangers associated with using the hydraulic chuck with MFM's product without implementing certain safety precautions. *Cf. Inductotherm Corp. v. N.J. Mfrs. Cas. Ins. Co.*, 83 N.J.Super. 464, 200 A.2d 358, 364–65

(N.J. Super Ct. Law Div.1964) (recommending an inadequate shank for use with defendant's product is an "operation" excluded within the PCOH clause).

Moreover, the policy excludes any damage "arising out of" the insured's product, and California law gives this phrase a broad interpretation. *Fibreboard Corp.*, 20 Cal.Rptr.2d at 382–83. Despite American's attempt to distance MFM's advice from its own product, the hydraulic chuck did not function in isolation. Notwithstanding the modification, MFM's negligent advice and failure to warn was still closely connected to its own product—the advice was how to efficiently use the hydraulic chuck *with MFM's product* and the failure to warn of the resulting hazards of doing so without implementing certain safety precautions. This case is thus much closer to *Aetna Cas. & Sur. Co. v. Richmond*, 76 Cal.App.3d 645, 143 Cal.Rptr. 75, 77 (1977), than *Insurance Co. of North America v. Electronic Purification Co., Inc.*, 67 Cal.2d 679, 63 Cal.Rptr. 382, 433 P.2d 174, 181–82 (1967), because MFM's failure to warn was "sufficiently closely connected" with the insured's product. *Id.*, 63 Cal.Rptr. 382, 433 P.2d at 181.

American's argument that we should apply the "final product doctrine" is also unavailing. *Goodyear Rubber & Supply Co. v. Great Am. Ins. Co.*, 471 F.2d 1343, 1344 (9th Cir.1973), and the other similar cases cited by American do not involve failure to warn or even the terms of the PCOH exclusion, but deal with a different customary exclusion for damage to an insured's *own* defective product even when product liability damages are otherwise covered. Moreover, MFM's product was

---

1. We reject American's contention that Sentry has waived a "products liability" argument on appeal. Regardless of the labels Sentry may have used for its argument in district court, its position there was entirely consistent with its position on appeal: the policy exclusion included failure to warn about risks in the use of its product, and MFM's advice to Samtech and the failure to warn were sufficiently associated with MFM's product so as to preclude coverage.

not a small component part that was integrated into a larger entity, but the primary machine that performed the core function of spinning metal.

Sentry's policy excluded coverage for damages "arising out of" MFM's product, including failure to warn, and MFM's failure to warn of the fire risk attendant to a known modification to its spinning machine was sufficiently connected to its own product to fall within the scope of the PCOH exclusion. We therefore reverse the district court's judgment in favor of American on the coverage issue and remand with instructions to enter judgment in favor of Sentry.[2]

**REVERSED AND REMANDED.**

**2.** This decision moots the remaining issues raised on appeal and in American's cross-appeal.